# Brewer *v.* Nashville, Chattanooga & St. Louis Ry. Co.

## *Injury to Passenger.*

(Decided November 20, 1913. Rehearing denied December 18, 1913. 63 South. 972.)

*Carriers; Passengers; Use of Accommodation.*—A passenger alighting from a railway train at a regular station had a right to enter the waiting room for passengers, and remain a reasonable length of time, and it was an actionable wrong for the station agent to refuse a sick passenger, unable to care for himself permission to enter such waiting room upon request, thereby aggravating his sickness; his attendant having gone to obtain a conveyance to remove him.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by M. R. Brewer against the Nashville, Chattanooga & St. Louis Railway for injuries sustained while a passenger. Judgment sustaining demurrer to the complaint and plaintiff appeals. Reversed and remanded.

JOHN A. LUSK & SON, for appellant. The law recognizes the duty of carriers of passengers by rail to provide depots or waiting rooms for the accommodation or protection of passengers.—Sec. 5541, Code 1907. Plaintiff was entitled to protection as passenger from start,

[Brewer v. Nashville, Chattanooga & St. Louis Ry. Co.]

and until he has left the carriers depot, station or premises, etc.—Moore on Carriers, page 554, § 8. If the agent locks or allows the depot to be locked keeping out an intending passenger, carrier is liable.—*St. Louis I. & M. v. Wilson*, 66 S. W. 661; 4 Mayfield Dig. p. 622, § 214; 99 Ala. 545. An alighting passenger is surely entitled to as many rights as one who enters.—*Tex. Midland v. Geraldon*, 128 S. W. 611. After a lapse of a reasonable time within which to leave he ceases to be a passenger.—Am. Dig p. 423, § 247 (b); *L. & N. v. Bay*, 134 S. W. 450. A passenger continues to be such until a reasonable time for leaving.—*McDade v. N. & W.*, 68 S. E. 378; *Chunn v. W. & N. Branch*, 39 Pac. Sup. Court 591; *Hill v. St. L. & I. M.*, 109 S. W. 523. A lady alighting from a train and entering depot to wait for a friend is entitled to the use of the station a reasonable time. —*Powell v. Phila. Ry.*, 70 At. 268.

GOODHUE & BRINDLEY, for appellee. The case made by the complaint finds no support in the provisions of section 5489, Code 1907, nor does the complaint allege that the railroad has been required by the railroad commission to provide depot conveniences at the station under section 5484, Code 1907. Bearing these omissions in mind it will be readily seen that the court correctly ruled on the complaint.—*N. C. & St. L. v. State*, 137 Ala. 439; *Page v. L. & N.*, 129 Ala. 237; *Waldrop v. N. C. & St. L.*, 62 South. 769.

DOWDELL, C. J.—This appeal is prosecuted from the judgment of the lower court, sustaining a demurrer to the plaintiff's complaint.

There appears to be but one question presented for our consideration, and that is whether a departing passenger from a railroad train at a regular station has

the right to enter the waiting room for passengers at such station, and remain a reasonable length of time.

The plaintiff was a passenger on the defendant's passenger train from Rayburn to Mountainboro, both of which were regular stations on the defendant's road. The plaintiff was sick, and unable to care for himself, and, when the train arrived at Mountainboro, the point of his destination, he was unconscious, and had to be helped from the train by his young son, who accompanied him, and one of the defendant's agents. It was in the nighttime, and rain was falling, and the weather was cold. At the station there was a station house and waiting room for passengers. The station agent of the defendant locked the door of the waiting room for passengers and refused admission to the plaintiff for a reasonable time, though requested to grant it, and as a consequence the plaintiff was exposed to the weather until his son could obtain a conveyance to remove him, and his sickness was thereby aggravated.

Such in substance are the facts shown by the complaint to which the demurrer was sustained.

The plaintiff was an alighting passenger from the defendant's train, and, under the facts averred, had a right to enter the waiting room for passengers, and it was the duty of the defendant to admit him; and, in refusing to do so, defendant was guilty of an actionable wrong. This case falls within the influence of the principle stated in *Waldrop v. Nashville, Chattanooga & St. Louis Railway,* 183 Ala. 226, 62 South. 769.

The complaint was not open to the grounds of demurrer set down, and the trial court committed error in sustaining the demurrer.

Reversed and remanded.

ANDERSON, MAYFIELD, and DE GRAFFENRIED, JJ., concur.